**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOHN JOHNSTON and
DAWN JOHNSTON,

    Plaintiffs,

v.            CIVIL NO. 06-11617
               HON. LAWRENCE P. ZATKOFF

SAPPI FINE PAPER NORTH AMERICA,
a Pennsylvania Corporation, S.D. WARREN
COMPANY, a Pennsylvania Corporation,
d/b/a SAPPI FINE PAPER NORTH AMERICA,

    Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on March 29, 2007

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendant's motion for summary judgment [dkt 11]. Plaintiff has responded, and Defendant has replied to the response. The Court finds that the facts and legal arguments are adequately presented in the parties' papers and the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. MICH. LR 7.1(e)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. For the reasons set forth below, Defendant's motion is DENIED.

## II.  BACKGROUND

Plaintiff is a 58-year old resident of Adrian, Michigan, who drives trucks on a part-time basis for L&M Trucking.  Plaintiff has no formal training as a truck driver.  Defendant is a paper manufacturer, with paper mills located in Maine, Michigan, and Minnesota.

On August 10, 2005, Plaintiff drove his truck to Defendant's paper mill located in Muskegon, Michigan, to pick up a load of cylindrical paper rolls weighing approximately 41,000 pounds.  Pursuant to Defendant's policy, Plaintiff went to the driver's lounge while his trailer was being loaded.  Plaintiff's trailer was loaded by Dexter Clanton.  Clanton does not remember loading Plaintiff's particular trailer, but testified that he always uses friction matting to secure rolls of paper in a trailer.

After Clanton had finished the loading, Plaintiff was given an opportunity to inspect the trailer. Plaintiff looked in the trailer to determine if the correct number of rolls had been loaded, and to make sure his load bar was still inside.  Plaintiff did not enter the trailer, and did not attempt to determine if the rolls had been properly loaded.  Johnston Dep. at 39.

After leaving the mill, Plaintiff prepared to merge onto I-94 from I-127 in Blackman Township, Michigan, via a C-shaped ramp.  Plaintiff testified that he was driving at a normal speed. A third-party witness also testified that Plaintiff was not driving at an excessive speed.  Paxson Dep. at 9.  As he navigated the ramp, Plaintiff felt the truck shake, and it began to tip.  At the top of the ramp the truck rolled over on the driver's side.  Plaintiff suffered fractures and tendon separation, and his treatment required the insertion of pins and screws in his arm.

Michigan State Trooper Mark Brown responded to the accident.  Brown's report did not indicate that there was friction matting in the trailer.  Brown testified that if there had been friction

matting, he would have noted it in the report. Brown Dep. at 30. Daniel Lee, a professor at Michigan State University with experience in accident reconstruction and truck rollovers, inspected the truck approximately two weeks after the accident. Lee did not find friction matting in the truck. Lee Dep. at 28. Lee testified that the rollover was most likely due to load shift.

Plaintiff filed suit in this Court on April 4, 2006, on the basis of diversity jurisdiction.

### III.  LEGAL STANDARD

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Them moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact, and all inferences should be made in favor of the non-moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

To support its motion, the moving party may show "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. While all inferences must be drawn in favor of the nonmoving party, this Court is under no obligation to imagine favorable facts where the nonmoving party has alleged none. "[T]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## IV.  ANALYSIS

*A.*     *Applicable Rule*

Plaintiff and Defendant disagree as to which rule should govern Defendant's duty to Plaintiff in this case.  Because jurisdiction is based on diversity, Michigan law applies.  *Westfield Ins. Co. v. Tech Dry Inc.*, 336 F.3d 503, 506 (6th Cir. 2003).

Plaintiff argues that standard negligence law should apply to this situation.  Thus, Defendant had a duty to use reasonable care in the loading of Plaintiff's truck.

Defendant argues that the rule established by the Fourth Circuit in *United States v. Savage Truck Line, Inc.* should apply.  The *Savage* rule states that:

> The primary duty as to the safe loading of property is therefore upon the carrier. When the shipper assumes the responsibility of loading, the general rule is that he becomes liable for the defects which are latent and concealed and cannot be discerned by ordinary observation by the agents of the carrier; but if the improper loading is apparent, the carrier will be liable notwithstanding the negligence of the shipper.

*United States v. Savage Truck Line, Inc.*, 209 F.2d 442, 445 (4th Cir. 1953).  In 2000, the Supreme Judicial Court of Maine reaffirmed the *Savage* rule, noting that the policy behind it is "well founded."  *Decker v. New England Public Warehouse, Inc.*, 749 A.2d 762, 766 (Me. 2000).  The *Decker* court also noted that the *Savage* rule has been adopted by the majority of modern courts. *Id.* at 767.  *See also Smart v. Am. Welding & Tank Co.*, 826 A.2d 570 (N.H. 2003); *Brashear v. Liebert Corp.*, 2007 Ohio 296 (Ohio Ct. App. 2007); *W. J. Casey Trucking & Rigging Co. v. General Electric Co.*, 376 A.2d 603, (N.J. Super. Ct. Law Div. 1977).  Pursuant to the *Savage* rule, even if Defendant was negligent in the loading of Plaintiff's truck, Defendant would not be liable if the improper loading was apparent.

There are no decisions from Michigan courts regarding the *Savage* rule.  In the absence of

controlling state law:

> A federal district court sitting in diversity of citizenship jurisdiction may consider all of the available legal sources. This principle embraces . . . judicial decisions from other jurisdictions whose doctrinal approach to legal matters is substantially the same as that of the forum state, [and] the majority rule on the point in issue as reflected in a canvas of the prevailing law on the point throughout the county . . . .

WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2d § 4507, 191-99 (1996). As noted above, a majority of modern courts have accepted the *Savage* rule, and Plaintiff has not produced any opinions rejecting it. The Sixth Circuit has also quoted *Savage* favorably. *Pierce v. Cub Cadet Corp.*, No. 87-5936, 875 F.2d 866, *10 (6th Cir. 1989). Furthermore, the Sixth Circuit has held that carriers, not shippers, are liable for injuries sustained during the unloading of cargo, unless the shipper had exclusive control over the loading of the cargo. *Rector v. General Motors Corp.*, 963 F.2d 144, 147 (6th Cir. 1992). The Sixth Circuit noted that "federal regulations state that 'the driver of a truck or truck tractor must . . . assure himself that' his vehicle's cargo is properly distributed and adequately secured." *Id.* (quoting 49 C.F.R. § 392.9(b)). The Sixth Circuit held that "[w]hile not dispositive, this regulation is indicative of the proper allocation of duty as between a common carrier and a shipper for the proper loading of goods." *Id.* Thus, the ultimate responsibility for ensuring that a load is safely loaded generally lies with the carrier.

Likewise, in its recent affirmation of the *Savage* rule, the Ohio Court of Appeals relied in part on federal regulations for support of the proposition that the carrier bears the duty to ensure that cargo has been properly loaded. *Brashear*, 2007 Ohio 296 at *8. The *Brashear* court held that "the shipper is liable for defects that are latent and concealed and cannot be discerned by ordinary observation by the agents of the carrier; if the improper loading is apparent, however, the carrier will be liable notwithstanding that the shipper was negligent." *Id.* at *8-*9.

5

Michigan has adopted as state law the federal regulation cited by the Sixth Circuit in *Rector*. *See* M.C.L. § 480.11a. As noted by the Sixth Circuit, this regulation is not dispositive, but tends to indicate that the responsibility for safe loading lies with the carrier. Furthermore, as noted above, the *Savage* rule is the majority rule. Thus, the Court will analyze this case using the *Savage* rule.

A.   *Issues of Material Fact*

Defendant concedes that there are genuine issues of material fact regarding whether friction matting was used, and whether the absence of friction matting caused the accident. However, Defendant argues that the alleged lack of friction matting was not a latent defect, and Plaintiff did not inspect the load. Pursuant to the *Savage* rule, shippers are liable for negligent loading only if the "negligence was undiscoverable through a reasonable safety inspection." *Decker*, 749 A.2d at 767. However, the *Savage* rule "does not demand abnormal scrutiny from carriers. It matters little if an extensive carrier inspection would have uncovered the shipper's negligent loading if a reasonable inspection by the carrier did not disclose the problem." *Id.* Defendant notes that Plaintiff remained on the ground while inspecting the trailer, and did not climb into it.

In response, Plaintiff argues that the friction matting was narrower than the paper rolls, and would have been completely covered by the rolls. Thus, the lack of friction matting would not have been apparent to Plaintiff even had he climbed into the trailer to inspect the load.

Defendant has not provided any evidence that a reasonable inspection would have detected a lack of friction matting, other than its conclusory assertions. Viewing the evidence in the light most favorable to Plaintiff, the Court finds that there is a genuine issue of material fact regarding whether a lack of friction matting would have been detectable through a reasonable inspection. Thus, Defendant's motion for summary judgment is denied.

## V. CONCLUSION

For the above reasons, Defendant's motion for summary judgment is DENIED.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: March 29, 2007

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on March 29, 2007.

s/Marie E. Verlinde
Case Manager
(810) 984-3290