UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN JOHNSTON and
DAWN JOHNSTON,

    Plaintiffs,

v.

CASE NO. 06-11617
HON. LAWRENCE P. ZATKOFF
MAG. R. STEVEN WHALEN

S.D. WARREN CO. d/b/a
SAPPI FINE PAPER NORTH AMERICA,

    Defendant.
_____/

**OPINION & ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on January 8, 2008

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
CHIEF UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter comes before the Court on Defendant's Motion in Limine to Exclude Evidence Regarding Plaintiff John Johnston's Claimed Lost Law Enforcement Wages. The parties have fully briefed the motion. The Court finds that the parties have adequately set forth the relevant law and facts such that oral argument would not aid in the disposition of the instant motion. *See* E.D. MICH. LR 7.1(e)(2). Accordingly, the Court ORDERS that the motion be decided on the briefs submitted. For reasons set forth below, Defendant's motion is DENIED.

### II. BACKGROUND

Plaintiff John Johnston is a 58-year old resident of Adrian, Michigan, who drives trucks on a part-time basis for L&M Trucking. Plaintiff has no formal training as a truck driver. Defendant

is a paper manufacturer, with paper mills located in Maine, Michigan, and Minnesota. On August 10, 2005, Plaintiff drove his truck to Defendant's paper mill located in Muskegon, Michigan, to pick up a load of cylindrical paper rolls weighing approximately 41,000 pounds. Pursuant to Defendant's policy, Plaintiff went to the driver's lounge while his trailer was being loaded by Dexter Clanton. Although Clanton does not remember loading Plaintiff's particular trailer, he testified that he always uses friction matting to secure rolls of paper in a trailer. After Clanton finished loading the truck, Plaintiff was given an opportunity to inspect the trailer. Plaintiff looked in the trailer to determine if the correct number of rolls had been loaded and to make sure his load bar was still inside. Plaintiff did not enter the trailer or attempt to determine if the rolls had been properly loaded.

After leaving the mill, Plaintiff prepared to merge onto I-94 from I-127 in Blackman Township, Michigan, via a C-shaped ramp. Plaintiff testified that he was driving at a normal speed. A third-party witness confirmed that Plaintiff was not driving at an excessive speed. As he navigated the ramp, Plaintiff felt the truck shake, and it began to tip. At the top of the ramp, the truck rolled over on the driver's side. Plaintiff suffered fractures and tendon separation, and his treatment required the insertion of pins and screws in his arm. Plaintiff filed suit in this Court on April 4, 2006, on the basis of diversity jurisdiction.

### III. DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE REGARDING PLAINTIFF JOHN JOHNSTON'S CLAIMED LOST LAW ENFORCEMENT WAGES

Defendant seeks to exclude any evidence or argument that suggests in any way that Plaintiff John Johnston should recover claimed lost enforcement wages, including the testimony of Plaintiffs' witness, Dr. Michael Thompson. Defendant notes that Johnston retired from the police force in 2003 and since that time only worked as a part-time truck driver with no indication that he ever planned a return to law enforcement. Plaintiffs counter that the claimed future damages relate to

earning capacity rather than lost wages, that Johnston had indicated an interest in returning to the law enforcement field, that Dr. Thompson is a proper expert, and that the admission of his testimony would not mislead or otherwise confuse the jury.

The admissibility of an expert's testimony depends on whether that testimony is "relevant and reliable." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999). Experts must be qualified by "knowledge, skill, experience, training, or education" and their testimony must "assist the trier of fact in understanding and disposing of issues relevant to the case." *Pride v. BIC Corp.*, 218 F.3d 566, 577–78 (6th Cir. 2000). The Rules of Evidence provide that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403.

Defendant directs the Court's attention to several cases that stand for the proposition that "[w]here lost future earnings are at issue, an expert's testimony should be excluded as speculative if it is based on unrealistic assumptions regarding the plaintiff's future employment prospects." *Boucher v. U.S. Suzuki Motor Corp.*, 73 F.3d 18, 21–22 (2d Cir. 1996). The Court has reviewed the material about which Thompson will testify, however, and finds that it is not based upon unreasonable or speculative assumptions. Thompson has prepared four discrete projections of Plaintiffs' lost earning capacity to account for possible employment opportunities, including fields in which Plaintiff has previously worked. These projections neither prejudice nor mislead the jury but rather constitute helpful information for the jury in determining what damages, if any, Plaintiffs are entitled to. Such projections are neither unreasonable or speculative.

The Court finds that Plaintiff John Johnston's lost earning capacity constitutes an issue of

3

fact for the jury to decide. The Court further finds that Dr. Thompson qualifies as a proper expert in this matter. Accordingly, Defendant's Motion in Limine to Exclude Evidence of Plaintiff's Lost Law Enforcement Wages is DENIED.

## V. CONCLUSION

For the above reasons, IT IS ORDERED that Defendant's Motion in Limine to Exclude Evidence Regarding Plaintiff John Johnston's Claimed Lost Law Enforcement Wages is DENIED.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: January 8, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on January 8, 2008.

s/Marie E. Verlinde
Case Manager
(810) 984-3290